Porter, J.
delivered the opinion of the court. ’ By an act passed the 3d March, 1819, entitled ^ 1 an act respecting landlords and tenants, a 1 ^ 7 *536 summary models provided by plaint before . r n a justice of the peace, to enable the former to be put in possession of the demised premises. ^nd 2d section declares that an appeal from the judgment thus rendered shall not suspend its execution.
East’n District.
May, 1822.
D. Seghers had judgment rendered against him under this act, by Gallien Preval, a justice of the peace, in this city. In order to stay execution, he applied to the parish judge for an injunction, which was granted. On application made by the opposite party, it was dissolved. From this decree an appeal was prayed, which being refused, the plaintiff has taken a rule on the judge to shew cause why he did not grant it.
We have the return before us which that magistrate has made, and he states, among other things, that the injunction was erroneously prayed for, and accorded ; because, by special law, the execution of the judgment before the justice of the peace could not be suspended.
The parish judge acted correctly in refusing the appeal; for, as the law already cited, has directed, that in every case of this kind the judgment of the justice must be executed. *537 and shall not be suspended by an appeal: it r J . . cannot be indirectly suspended by an injunction. This decision must not be understood to deprive the citizen of the protection of the court, in any case where an interlocutory judgment works a grievance irreparable; nor is it contemplated to lay down a rule that the facts can be taken from the judge’s return, so as to conclude the rights of the party complaining; but here it has been admitted, that the judgment enjoined was under an act of the legislature, which prohibits any other court from interfering with the execution of that judgment.
Seghers for the state, Denis for the defendant.
It is therefore ordered, adjudged and decreed, that the rule be discharged, with costs.